# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06 CV 259

| | |
|---|---|
| PRECISION COMPONENTS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>C.W. BEARING USA, INC., CHRISTINE )<br>SMITH and WENDY TAYLOR )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion to Remand" (Document No. 9), filed July 20, 2006, and "Defendants' Brief in Opposition to Plaintiff's Motion to Remand" (Document No. 11), filed August 3, 2006. This matter is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will order that Plaintiff's motion be <u>denied</u>. This matter should remain in federal court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action commenced in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina with the filing of a Complaint by Precision Components, Inc. ("Plaintiff") on September 7, 2005 against C.W. Bearing USA, Inc., Christine Smith and Wendy Taylor (collectively "Defendants"). Plaintiff filed its "Second Amended Complaint" (Document No. 18-3) on November 1, 2005, asserting claims for Conversion, Civil Conspiracy, Unfair and Deceptive Trade Practices, Permanent Injunction, Temporary Restraining Order, and Claim and Delivery based on the alleged taking by Defendants of Plaintiff's allegedly confidential customer information. The Defendants removed the matter to this Court on June 22, 2006. Plaintiff filed its

"Motion to Remand" on July 20, 2006 and Defendants filed their "...Brief in Opposition..." on August 3, 2006.

## II. DISCUSSION

The instant motion raises two questions: first, whether there is federal subject matter jurisdiction that allows the Court to retain this case; and second, whether the Defendant's motion for removal was timely under the removal statute.

The existence of subject matter jurisdiction is a threshold issue. <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 96 (1998); accord <u>Jones v. American Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir. 1999); <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647 (4th Cir.1999). Under 28 U.S.C. § 1338 (a), "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents. . . . Such jurisdiction shall be exclusive of the courts of the states in patent . . . ." The statute further provides that if "any civil action asserting a claim of unfair competition" joins with a related claim under patent the "district courts shall have original jurisdiction." 28 U.S.C. § 1338 (b). Defendants argue that this language establishes subject matter jurisdiction here. The Court agrees.

Plaintiff's Second Amended Complaint discusses in some detail the "theft of ball bearing patent" but notably does not explicitly state a claim for relief as to damages or injury related to the alleged patent theft. The Second Amended Complaint asserts several claims, including conversion and unfair and deceptive trade practices, but the Plaintiff's claims and prayer for relief describe the taking of "valuable customer files" and "illegal conversion of computer data, hard files and other sensitive client information" without requesting relief related to action(s) involving a patent. Defendants contend therefore that they were unaware that Plaintiff sought patent royalty and other

2

monetary damages related to Plaintiff's patent until they received an expert report valuing the patent on June 9, 2006. See "Expert Report" Document 18-9.

Considering the Second Amended Complaint in conjunction with the expert report dated June 9, 2006, it is apparent this civil action is "relating to patents." Defendants contend that they do not assert that Plaintiff brought a claim under the Federal Patent Act for patent infringement; rather they realized after reading the expert report that Plaintiff's state law claim(s) will require resolution and application of federal patent law. The undersigned finds Defendant's analysis in its brief persuasive on this point, as federal statutes and case law generally grant jurisdiction over a matter such as this with the district court.

Specifically, Additive Controls & Measurement Sys. Inc. v. Flowdata, Inc., 986 F.2d 476 (Fed. Cir. 1993) presents a compelling precedent that state law claims that require resolution of a question of federal patent law are properly removed to federal court. In Additive Controls, the United States Court of Appeals for the Federal Circuit affirmed the denial of a motion to remand that case to state court, even though only state law causes of action were alleged in the complaint. Additive Controls, 986 F.2d at 478-479. Plaintiff in that case sued the defendant for business disparagement under Texas law because defendant had allegedly sent letters to the plaintiff's customers informing them that plaintiff's product infringed on the defendant's patent. Id. at 477. Because proving the falsity of defendant's statement was an element of the state cause of action, plaintiff had to prove its product did not infringe on defendant's patent. Id. at 478. Accordingly, the Federal Circuit held that plaintiff's right to relief depended on a substantial question of patent law and thus belonged in federal district court. Id. at 478-479.

In the instant case, to succeed on a state law conversion claim for a "stolen patent" Plaintiff

must establish (1) ownership of the patent and (2) a wrongful conversion by Defendant. See Lake Mary Ltd. P'ship v. Johnston, 145 N.C.App 524, 531, 551 S.E.2d 546, 552 (2001). The undersigned agrees with Defendants that in the instant case necessary elements of Plaintiff's claims will require a determination of substantial questions of patent law - namely, the validity of a United States patent and whether it was wrongfully converted, clearly questions relating to patent law that belong in federal court.

This brings the Court to the question of removal. Plaintiff argues in the alternative that Defendants' removal under 28 U.S.C. § 1446 was not timely. 28 U.S.C. § 1446(b) requires that:

> notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant ... of a copy of the initial pleading ... if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b) (emphasis added).

The timeliness of Defendant's removal presents a closer question in that the Second Amended Complaint does include information related to a patent. Considering that the claims for relief omit any mention or relation to the patent, however, the undersigned is satisfied that the Defendants were not put on notice that Plaintiff was seeking damages related to the patent, instead of related to "valuable customer files," until the June 9, 2006 expert report. Defendant's "Notice of Removal" (Document No. 1), filed on June 22, 2006 was well within thirty days of receipt of the expert report that effectively put Defendants on notice that Plaintiff's case brought under state law claims would require the determination of issues relating to patent. It is the undersigned's view that removal of this case to federal court was therefore appropriate and timely.

4

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Remand" (Document No. 9) be **DENIED**.

**IT IS SO ORDERED.**

Signed: March 28, 2007

Frank D. Whitney
United States District Judge